UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAMILOLA ANIMASHAUN,

                              Plaintiff,

                                                              5:19-CV-00512

v.
                                                              (LEK/TWD)

ATTORNEY GENERAL FOR THE UNITED STATES,
ATTORNEY GENERAL FOR THE STATE OF NEW
YORK,

                              Defendants.
_____

APPEARANCES:

DAMILOLA ANIMASHAUN
14-A-0061
Plaintiff pro se
Mid-State Correctional Facility
P.O. Box 2500
Marcy, New York 13403


**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## <u>ORDER AND REPORT-RECOMMENDATION</u>

        The Clerk has sent to the Court for initial review a *pro se* complaint submitted by

Plaintiff, Damilola Animashaun, as a 42 U.S.C. § 1983 civil rights action against Defendants

Attorney General for the United States and Attorney General for the State of New York.  (Dkt.

No. 1.)  Also before the Court is Plaintiff's application for leave to proceed *in forma pauperis*

("IFP Application") and a signed Inmate Authorization Form.  (Dkt. Nos. 2 and 3.)

## I.      PLAINTIFF'S IFP APPLICATION

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1) (2006).  After reviewing Plaintiff's IFP Application (Dkt. No. 2), the Court finds that Plaintiff meets this standard.  Therefore, Plaintiff's IFP Application (Dkt. No. 2) is granted.

## II.     LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory."  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted).  Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed.  *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260

(2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied,* 513 U.S. 836 (1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required

where "the problem with [the plaintiff's] causes of action is substantive" such that "better

pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III.    COMPLAINT

Plaintiff is presently in the custody of the Department of Corrections and Community

Supervision ("DOCCS") and is housed in the Mid-State Correctional Facility ("Mid-State").

(Dkt. No. 1 at 1.[1])  Plaintiff claims to be a United States citizen.  *Id*. at 7.  Plaintiff alleges that he

told the DOCCS counselors that his name is Damilola Animashaun; he does not know his father

or how to locate him; his mother is Stella Isaac, born on December 31, 1964; and he was born on

April 21, 1988, at Kings County Hospital in Brooklyn, New York.  *Id*. at 6-7.

According to Plaintiff, his counselor at Mid-State and other counselors employed by the

DOCCS have told him the information he has given them is incorrect, and they are having no

success in obtaining his birth certificate.  *Id*.  Plaintiff has been told he must have a birth

certificate in order to obtain a social security card, New York State identification card, New York

State driver's license, and United States passport, none of which he has ever had.  (Dkt. No. 1 at

4, 7.)  Plaintiff claims to need these documents to show that he is a United States citizen.  *Id*. at

4.

Plaintiff claims that since he is having difficulties in obtaining a birth certificate, he needs

the District Court to provide a venue for him to obtain a social security card, New York State

identification card, New York State driver's license, an American passport, and other documents

that are essential for a person living in the United States.  *Id*. at 7.  Plaintiff claims that his due

---

[1]  Page references to documents identified by docket number are to the page numbers
assigned by the CM/ECF docketing system maintained by the Clerk's Office.

process rights are affected and violated when he is unable to obtain those documents. *Id*. at 8.

Other than naming them as Defendants, Plaintiff's complaint is silent as to both Defendants.

(*See* generally Dkt. No. 1.)

> Plaintiff seeks the following relief:

>> Preliminary injunction/injunction to provide I the necessary governmental issued documents of being a legal resident of the United States of America, a social security card, a United States of America Passport, a New York State identification card, a drivers license and every other essentials in documents for being a legal permanent resident of the United States of America and for being in need of the above underlined to the Due process right 14th Amendment of the United States of America's Constitution.

*Id*. at 8. (unaltered text).

## IV.    ANALYSIS

Plaintiff alleges that because his counselor has been unable to locate his birth certificate, it is proper to have this Court provide him with a social security card, New York State identification card, New York State driver's license, and United States passport, and other documents that are essential for a person living in the United States. (Dkt. No. 1 at 7-8.) Plaintiff acknowledges in his complaint that he has never had any of those documents, and the complaint is devoid of allegations showing that he has ever applied for any of them. (Dkt. No. 1 at 4, 7.)  While the Court is sympathetic to Plaintiff's plight, the federal courts are courts of limited jurisdiction, "their powers circumscribed at their most basic level by the terms of Article III of the Constitution, which states that they may hear only 'Cases' or 'Controversies.'  U.S. Const. art. III, § 2, cl. 1."  *Russman v. Board of Educ. of Enlarged City School Dist. of City of Watervliet*, 260 F.3d 114, 118 (2d Cir. 2001).  In order to demonstrate that a federal court is the

5

right forum for addressing a plaintiff's concerns "[t]he plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in 'fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Lexmark Intern., Inc. v. Static Control Components, Inc.* 572 U.S. 118, 126 (2014); *see also Aetna Life Insur. Co. v. Haworth,* 300 U.S. 227, 240-41 (1937) (in order to achieve that status of a case or controversy, a dispute must exist between two parties having adverse legal interests); *S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exchange, Inc.*, 24 F.3d 427, 431 (1994) ("a necessary prerequisite to the exercise of judicial power is the presence of a 'claim of substantive right' that triggers the adjudicative function of the court.") (citation omitted).

Plaintiff has alleged no action or involvement of any kind by either the United States or New York State Attorneys General, the named Defendants, in his inability to locate his birth certificate, or in his inability to apply for or obtain a social security card, New York State identification card, New York State driver's license, or United States passport.  (*See generally* Dkt. No. 1.)  Plaintiff claims he has a due process right to the issuance of the documents and license under the Fourteenth Amendment.[2]  (Dkt. No. 1 at 8.)  However, "[a] unilateral expectation" is not sufficient to establish a constitutionally protected property right.  *Looney v. Black*, 702 F.3d 701, 706 (2d Cir. 2012) (quoting *Bd. of Regents of State Colls v. Roth*, 408 U.S. 564, 577 (1972).  "Rather, a plaintiff must have a 'legitimate claim of entitlement to' the alleged property interest."  *Id*.  (quoting *Roth*, 408 U.S. at 577); *see also Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 34 (2d Cir. 2010) ("To have a property interest in a benefit, a person clearly must

---

[2]  Any due process claim against the United States Attorney General would be under the Fifth Amendment.  *See Public Utilities Com. of Dist. Columbia v. Pollak*, 343 U.S. 451, 461-62 (1952).

have more than an abstract need or desire or more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." (internal quotation marks omitted) (quoting *Town of Castle Rock, Colo v. Gonzales*, 545 U.S. 748, 756 (2005))). "When determining whether a plaintiff has a claim of entitlement, [courts] focus on the applicable statute, contract or regulation that purports to establish" it. *Brown v. New York*, 975 F. Supp. 2d 209, 242 (N.D.N.Y. 2013).

Plaintiff does not claim to have ever applied for, or been denied, a social security card, New York State identification card, New York State driver's license, or United States passport. He acknowledges he has never had any of them. The requirements and procedures for issuance of social security numbers and U.S. Passports are governed by federal statutes and regulations. *See, e.g.* 20 C.F.R. §§ 422.103, 422.107 (application for social security number and required evidence); 22 U.S.C. §§ 211a, *et seq*. and 22 C.F.R. §§ 51.2, *et seq*. (passport application requirements). The requirements for a New York State driver's license and a non-license identification card are governed by New York Vehicle and Traffic Law §§ 490 (identification card) and 502 (licensing requirements). Plaintiff makes no claim that the Attorneys General of the United States or New York State are authorized to ignore the statutory and regulatory requirements and provide Plaintiff with the documents and license he seeks. Nor is the Court empowered to direct that action because Plaintiff's counselor has been unable to locate his birth certificate.

Furthermore, Plaintiff has no claim for a writ of mandamus against either Defendant. The Mandamus Act grants courts the authority "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is

7

"is a drastic and extraordinary remedy reserved for really extraordinary cause." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (citation and internal quotation marks omitted); *see also Escaler v. U.S. Citizenship & Immigration Servs.*, 582 F.3d 288, 292 (2d Cir. 2009) ("A party who seeks a writ of mandamus must show a clear and indisputable right to its issuance.") The Second Circuit has established three requirements before the writ may issue: (1) a clear right in the petitioner to the relief sought; (2) a plainly defined and peremptory duty on the part of the respondent to do the act in question; and (3) no other adequate remedy available." *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989).

Plaintiff has alleged no facts showing that under the circumstances presented he has a clear right, or any right, to the issuance by Defendants of the documents and license he is requesting by Defendants. Furthermore, the Court can find no plainly defined and peremptory duty on the part of Defendants to do so.

Based upon the foregoing, the Court recommends that Plaintiff's complaint be dismissed upon initial review under 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Inasmuch as the problem with Plaintiff's complaint is substantive and cannot be cured by a better pleading, the Court recommends that the dismissal be with prejudice. *Cuoco,* 222 F.3d at 112.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**; and it is hereby

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED WITH PREJUDICE** upon initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); and it is hereby

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[3]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: May 28, 2019
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[3]  If you are proceeding pro se and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. 6(a)(1)(C).