UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAMILOLA ANIMASHAUN,

                Plaintiff,

   -against-                                         5:19-CV-512 (LEK/TWD)

ATTORNEY GENERAL OF THE
UNITED STATES, *et al.*,

                Defendants.

**DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Damilola Animashaun, a prisoner at Mid-State Correctional Facility, is having trouble obtaining his birth certificate. Dkt. No. 1 ("Complaint") at 6–7. Prison counselors told Plaintiff he needs the certificate to apply for a social security card, New York driver's license, New York identification card, and United States passport. Id. at 4.[1] However, the counselors say they cannot obtain the certificate because Plaintiff gave them incorrect information about his

---

[1] The Court notes that federal regulations do not necessarily require a birth certificate for a United States citizen to obtain a passport or social security number. United States Department of State regulations provide:

> If the applicant cannot submit a birth certificate . . . he or she must submit secondary evidence sufficient to establish to the satisfaction of the Department that he or she was born in the United States. Secondary evidence includes but is not limited to hospital birth certificates, baptismal certificates, medical and school records, certificates of circumcision, other documentary evidence created shortly after birth but generally not more than 5 years after birth, and/or affidavits of persons having personal knowledge of the facts of the birth.

22 C.F.R. § 51.42. To obtain a Social Security Number, applicants must submit "convincing evidence of [their] age, U.S. citizenship or alien status, and true identity," which may include, but is not limited to, a birth certificate. 20 C.F.R. § 422.107.

birth. Id. at 4, 7. Plaintiff asserts that because he is unable to obtain his birth certificate or, therefore, the "other essential documents for being a legal permanent resident in the United States," his right to due process under the 14th Amendment is being violated. Id. at 8. He asks the Court to order the Attorneys General of the United States and New York State to furnish the above documents. Id.

The Honorable Thérèse Wiley Dancks, United States Magistrate Judge reviewed the Complaint under 28 U.S.C. § 1915(e), and issued a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 4 ("Report-Recommendation").[2] She explained that Plaintiff has not provided any facts to suggest that he applied for the documents he seeks (except for the birth certificate) or that Defendants did anything to withhold the documents; therefore, he fails to state a Due Process claim. R. & R. at 5–8. She recommends dismissal without leave to replead. Id. at 8. Over Plaintiff's Objection, Dkt. No. 5, the Court adopts that recommendation.

## II. LEGAL STANDARD

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and it "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3);

---

[2] The Magistrate Judge also granted Plaintiff's application to proceed in forma pauperis, Dkt. No. 2 ("IFP Application"). R. & R. at 2, 8.

28 U.S.C. § 636. Therefore, when a party does not object to a portion of a magistrate judge's report-recommendation, the Court reviews that portion only for clear error. Boice v. M+W U.S., Inc., 130 F. Supp. 3d 677, 684 (N.D.N.Y. 2015); see also Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

When a plaintiff proceeds IFP, the Court must conduct an initial review and dismiss the Complaint if it fails to state a plausible claim that would entitle the plaintiff to relief. See R. &R. at 2–3 (citing § 1915(e)(2)(B); Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). The Court must read a pro se plaintiff's pleadings leniently, construing them to raise the strongest arguments they suggest. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).

## II.   DISCUSSION

Plaintiff accepts that his Complaint is subject to dismissal as written. Obj. at 1. Finding no clear error in that conclusion—the Magistrate Judge was correct to find that the Complaint failed to state a claim—the Court adopts her recommendation to dismiss the Complaint.

Plaintiff objects, however, that he should be given leave to amend it so that he can name proper defendants. Obj. at 2. He attaches the Birth Certificate Application that he sent to the New York City Department of Health and Mental Hygiene ("DHMH") Office of Vital Records, which purports to list his parents' names, his date of birth (in 1988) and the hospital where he was born: King's County Hospital in Brooklyn, New York. Obj. at 5. However, the handwritten notation "no match" appears at the top. Id. Plaintiff explains that his request was denied because, according to DHMH, the application's information was incorrect. Id. at 2; see also Compl. at 7.

Plaintiff states that his amended complaint would name as a defendant the John/Jane Doe "person at the office of vital records [who] has the responsibility or duty to provide [Plaintiff his] birth certificate." Id. He states that the information he provided was accurate and that this DHMH official had "no reason" to conclude it was not. Id. at 2. He also proposes to join his counselors as defendants. Id.

In view of Plaintiff's Objection, the Court will determine de novo whether leave to amend is appropriate. Fed. R. Civ. P. 72(b)(3). "The court should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999). However, leave is not required when the Complaint, "liberally read," does not "suggest[ ] that the plaintiff has a claim she [or he] has inadequately pleaded and that she [or he] should therefore be given a chance to reframe." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding, where the plaintiff did not on appeal "suggest [any] new material she wish[ed] to plead," that "the problem with [the plaintiff's] cause of action [was] substantive" and "better pleading would not cure it"). As in Cuoco, Plaintiff had an opportunity to respond to the Magistrate Judge's analysis and explain how he would fix the defects in his Complaint. See Obj. at 2–5. Based on the Complaint and Objection, the Court finds that amendment would be "futile" and adopts the Magistrate Judge's recommendation to dismiss this case without leave to amend. Cuoco, 222 F.3d at 112.

To prevail on a procedural due process claim, the plaintiff must "identify a property right" and "show that the State has deprived him of that right . . . without due process." White v. City of Bridgeport, 675 F. App'x 86, 87 (2d Cir. 2017). To have a "property right" to the benefit sought,

4

the plaintiff must have "a legitimate claim of entitlement to it" under "existing rules or understandings that stem from an independent source" such as "state law." Ace Partners, LLC v. Town of E. Hartford, 883 F.3d 190, 195 (2d Cir. 2018). Thus, "[w]hen determining whether a plaintiff has a claim of entitlement, [courts] focus on the applicable statute, contract or regulation that purports to establish" it. Brown v. New York, 975 F. Supp. 2d 209, 242 (N.D.N.Y. 2013).

It is unclear whether New York law creates a property interest in obtaining a copy of a birth certificate. Section 17-165(a) of the New York City Administrative Code requires the DHMH to "keep a record of the births . . . and deaths filed with it." The Code goes on to provide that "[u]pon request, the department shall issue a certified copy of the birth record or a certification of birth . . . if the person for whom the record of birth relates is still living, upon a specific request therefor by the person." § 17-169(a). In addition:

> any person born in the city of New York being released from a New York state correctional facility shall, prior to release, be provided by the department, at no cost to such person, a certified copy of his or her birth certificate to be used for any lawful purpose; provided that such person has requested a copy of his or her birth certificate at least ninety days prior to his or her release, from the (a) department, or (b) New York state department of correctional services and the New York state department of correctional services has submitted such request to the department.

§ 17-169(b).

However, even if these regulations give Plaintiff a "legitimate claim of entitlement" to a certified copy of his birth certificate, he has never suggested that DHMH failed to follow adequate procedures in processing his request. At most, Plaintiff's submissions suggest that DHMH employees negligently lost or failed to locate the record. However, negligence does not implicate the Due Process Clause. Daniels v. Williams, 474 U.S. 327, 328 (1986). Moreover, as

5

the Magistrate Judge found, Plaintiff admits he has not applied for a passport, Social Security card, driver's license, or New York identification card; thus, he cannot show the relevant agencies deprived him of due process with respect to those documents. Obj. at 3. It follows that Plaintiff cannot meet the high standards for obtaining an injunction or writ of mandamus. R. & R. at 8. Accordingly, the Magistrate Judge correctly concluded that Plaintiff cannot state a federal claim and that any amendment would be futile. Id.

It is possible that Plaintiff could get the help he seeks through a city or state agency or court, based on New York City regulations or New York State law. However, this Court has no jurisdiction over disputes based only on state law between municipal or state agencies and residents of the same state. Schiavone Const. Co. v. City of New York, 99 F.3d 546, 548 (2d Cir. 1996).

### III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 4) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that this case is **DISMISSED without leave to replead**; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: July 30, 2019
Albany, New York

Lawrence E. Kahn
U.S. District Judge